## No. 6718.

### SAMUEL LAWSON ET AL. VS. ZACHARIAH BRUEN.

The answer filed in a suit by a defendant admitting that he had in his hands a specific fund, for distribution among certain creditors; and that the plaintiff "appeared" to be one of those creditors, with the first preference claim on said fund; but asking that all of said creditors be cited as *in concurso;* and expressly setting up the plea of general denial, can not be construed as involving a confession of judgment in favor of the plaintiff; although he may have the ranking lien on the fund in the defendant's hands.

An appeal will not be dismissed on the ground that the appellant confessed judgment in the court below, when he contests the confession, and it seems to be the only ground of the judgment.

APPEAL from the Fifth District Court, parish of Orleans. *Rogers, J.*

*Richard DeGray*, for plaintiff and appellee.

*B. C. Elliott*, for defendant.

#### ON MOTION TO DISMISS.

The opinion of the court was delivered by

SPENCER, J. This motion to dismiss is based upon the allegation that the judgment appealed from was rendered on the confession of the defendant. The facts are these: Bruen held the first mortgage on certain property of one Moran and seized and sold it. After satisfying Bruen's claim and all prior liens and expenses, there remained for distribution to subsequent mortgages $3788 96, which the purchaser Bruen

Lawson vs. Bruen.

retained, as shown by the sheriff's deed.   These subsequent mortgages, as certified by the recorder of mortgages were:

First—A general mortgage in favor of Prathers, recorded twenty-fourth of July, 1873.

Second—A general mortgage in favor of Lawson, recorded second of April, 1874.

Third—A general one in favor of A. B. Miller, recorded twentieth of February 1875.

Fourth—Another general one in favor of Bruen, recorded September 3, 1875.

Fifth—Another general one in favor of Prathers, recorded sixteenth of September 1875.

One of the lots had been sold for State taxes and bought by one Norcross; the purchaser taking the property subject to right of redemption out of the fund so left in his hands.

The estate of Simonds also had a claim of some sort on the property or its proceeds, and one Miss Annie Crowley claimed to have purchased it of said Moran.

The plaintiff Lawson, alleging that he had given the usual notices, brought this hypothecary action and prayed that Bruen be condemned to pay the amount of his mortgage, or surrender the property to be sold to pay it.

Bruen after filing sundry exceptions, answered in substance as follows on thirtieth April 1877:

First—A general denial of all plaintiff's allegations not specially admitted.

Second—He admits the sale of the property to him, and that after satisfying his claim and prior ones there remained in his hands the sum stated $3788 96.

Third—He then proceeds to show that he had paid and had been legally subrogated to the mortgage of Prathers, which was next in rank; that he had paid a certain amount in redemption of the lot sold for taxes, and had paid certain other taxes etc.   He then says:   " After these proper deductions, *there remains subject to claims of the other creditors of William Moran,* of whom the plaintiff Lawson appears to be first in rank, *and to all others in interest* the sum of $2640 87."   He then further alleges that the mortgage certificate shows the existence of several mortgages subsequent as stated; that it was claimed that Miss Crowley had purchased the property and was entitled to the surplus proceeds; that the estate of Simonds had a claim of some kind thereon of a character unknown to him, and that William Moran had been interdicted.   He alleges that he can not be bound for more than the price of his purchase and that all parties having any interest in the balance of the price, should be brought

into court, as *in concurso.* Wherefore he prays their citation accordingly; that he be allowed to deposit the amount due by him in court and thereupon that his property be released from all said mortgages, etc.

On the second of May, 1877, plaintiff took a rule on defendant to show. cause "why judgment should not be entered in his favor as in said petition prayed for, to the extent of said amount admitted in defendant's answer to be due, to wit, $2640 and costs of suit."

On the third of May the court ordered all said parties named in defendant's answer as interested, to be cited as *in concurso* as prayed for by the answer.

On the seventh of May the above rule was tried.

On the fourteenth and fifteenth of May the parties cited by defendant. *in concurso,* appeared and filed various exceptions against plaintiff and defendant.

On the sixteenth of May the court sustained plaintiff's rule and ordered "that judgment be rendered herein in favor of plaintiffs, as prayed for, to the extent of the amount admitted to be due herein, to wit: $2640 and costs, and that the defendant Bruen pay the same or that he deliver up the mortgaged property etc. to pay and satisfy the mortgaged debt."

This judgment was signed June 16, 1877.

Defendant took a suspensive appeal, which plaintiff now moves to dismiss as stated.

To justify the judgment appealed from, the answer must have confessed four things:

First—That Lawson was a creditor of Moran.

Second—That he held the first and preferred mortgage.

Third—That due demand had been made.

Fourth—That defendant detained the property subject to the mortgage and that it was liable in his hands for the amount of the judgment.

Now what is the defendant's answer—what his admission or confession? It is a general denial, and admission, that he has in his hands $2640 87 "*subject to the claims of the other creditors of Wm. Moran* (of whom the plaintiff Lawson *appears* to be first in rank), *and to all others in interest*"—that there appeared to be conflicting claims upon said fund and that all parties in interest should be cited *in concurso* and heard and he allowed to deposit the amount in court.    He no where admits that Lawson *was a creditor of Moran.* On the contrary he enters *a general denial* to all plaintiffs' allegations which certainly was enough to put plaintiffs to the proof of *their claim against Moran* and of the demand required by law to precede his action.    This judgment was entered up, *without proof,* on motion and as upon confession. The admissions in the answer did not warrant the judgment.

True the judge *a quo,* rendered it as on confession, but he did so ille-

gally, since as we hold there was no basis for it. To deny the defendant's right of appeal, to test the question whether his answer was a confession, would be to deprive him of his rights without trial. The very question which we will have to decide when this case is heard, is whether the defendant did or did not confess, and that same question is raised by this motion to dismiss. In order to determine the right of appeal, we must of necessity decide whether the judgment was confessed by appellant, and as the judgment has no foundation except the alleged confessions, it would seem that in deciding that the right of appeal exists, we virtually decide that the judgment appealed from is invalid. In other words the motion to dismiss raises the only question involved in the case. It would have been better to have submitted the case on the motion and merits together. At all events we hold that the defendant has the right to have this court determine whether or not the admissions and confessions contained in his answer authorized the court *a qua* to enter up, on motion and without proof, a final judgment against him for $2640.

The motion to dismiss is overruled.